The opinion of the court was delivered by

¿Mr. Justice Colcoclc.

It is unnecessary in this case to follow the counsel through the wide range which they have taken in their pleadings and their argument, for it is obvious to the court that the action can not be maintained under any state of pleadings; and it is their duty to put an end to tlje litigation of the parties. From the evidence it is clear that the notes were given by the defendant’s intestate when Under age. Two questions then arise:
1st. Can the administrator plead infancy, or take advantage Of it on the general issue?
2nd. Was the sale of the horse, by the administrator, a confirmation of the purchase made by the infant?
*467 The protection which the law intends to afford infants, Would be but partial, if their deaths would secure to those who might impose on them all their unlawful gains. The object of .the law, as I conceive, is not only to preserve their estates from artful and designing men, but also their morals and health. It is however not a matter of doubt that an executor or administrator may plead the infancy of the testator or intestate. It is the daily practice of our courts, and well supported by authority. Strange, 1101; Selwyn, 142.
But in such a case as this (assumpsit) it might be given in evidence under the general issue, and the contract be avoided in that way; nay some go so far as to say that the promise of an infant is void, and assign that as a reason why it may be given in evidence under the general issue. Salk. 279; 4 Dallas, 130; 3 Bacon, 610; Tit. infancy and age, I. 7; Selwyn, 137; In, Cro. Eliz. 126, it is said the promise of an executor to pay the debt of his infant testator is nudum pactum, for the infants promise being void, there i's no consideration for that of the executor.
It is then clear that the administrator might take advantage of the infancy of his intestate, even if the declaration were amended and the pleadings properly made up. The second question admits of less doubt: the infant alone can confirm his contract. The law, in order effectually to protect the rights of infants, has declared that when one sells to an infant any article of property, -and takes a note for the payment of the money, the property delivered is to be considered as a gift to the infant, in 3 Bacon (title infancy and age. I. 3) p. G04-, it is said, “ if one deliver goods to an infant upon contract, &c. knowing him to be an infant, he shall not be chargeable in tro-ver and conversion or any other action for them; for the infant is not capable of any contract, but for necessaries; therefore such delivery is a gift to the infant,” and this appears to be an indispensably necessary part of the system of protection which the law intends for the infant; for if men of loóse principles knew that on a refusal to pay on the part of the infant, they 'could obtain a re-dclivcry of the article sold, the risque in dealing *468 with infants would be so much diminished that they would not hesitate to incur it. The administrator found this property, the horse, among the property of deceased; he. was bound to-consider it as a part of his estate; the law declares it was a part of his estate; he could act no otherwise than appraise and-sell st.. If any subsequent conduct of his has rendered him liable, as. for a devastavet, let him- be pursued by those who are interested, in a proper manner. The motion- for nonsuit is granted.
J. J. Caldioell, for motion.
O’JTcal, and Johnson, contra.
Gantt, Richardson, and Johnson, Justices, concurred.